**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4249

JIMMY SCURRY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-95-409)

Submitted: March 31, 1997

Decided: August 7, 1997

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jan S. Strifling, Columbia, South Carolina, for Appellant. J. Rene
Josey, United States Attorney, Mark C. Moore, Assistant United
States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jimmy Scurry was found guilty by a jury of one count of conspiracy to possess with intent to distribute heroin, three counts of possession with intent to distribute heroin, and one count of possession of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), 844 (1994) respectively. He timely appeals his convictions and sentences and alleges that the district court erred by: (1) denying his Batson challenges; (2) admitting heroin into evidence that was obtained without probable cause and by choking; (3) allowing the jury to use transcripts when listening to the prosecution's audiotapes of controlled buys; (4) denying his request to conduct a demonstration, in front of the jury, where Scurry would hide objects on his person and then see if a government witness could find the hidden objects; and (5) improperly attributing over 100 grams of heroin to him for sentencing purposes. Because we find these claims to be without merit, we affirm. We address Scurry's issues in order.

During voir dire, the Government used six of its seven peremptory strikes against African Americans. Scurry, who is black, challenged the Government's strikes at trial alleging that they were made because of race in violation of Batson v. Kentucky, 476 U.S. 79 (1986). We do not find that the trial court clearly erred in denying Scurry's Batson challenge. The Government provided race neutral reasons for each of its strikes, see Hernandez v. New York , 500 U.S. 352, 358-59 (1991) (plurality opinion); Batson, 476 U.S. at 97, and Scurry ultimately failed to show purposeful discrimination by the Government. See Purkett v. Elem, 115 S. Ct. 1769, 1771 (1995) (holding that the burden of persuasion to demonstrate purposeful discrimination ultimately rests with the opponent of the strike).

Second, Scurry alleges that because police obtained a small amount of heroin from him without probable cause and by choking him, the district court should have granted his motion to suppress the heroin as evidence. We review a district court's pure legal findings in determining whether to grant a motion to suppress de novo and the court's pure factual findings for clear error. See United States v. Han, 74 F.3d 537, 540 (4th Cir.), cert. denied, 116 S. Ct. 1890 (1996). Mixed ques-

2

tions of law and fact, however, are evaluated under a hybrid where the appellate court reviews the trial court's ultimate conclusions de novo, but in reaching its independent resolutions construes the evidence in a manner most favorable to the government. Id. Probable cause is defined as "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person . . . in believing . . . that the suspect has committed, is committing, or is about to commit an offense." United States v. Williams, 10 F.3d 1070, 1073-74 (4th Cir. 1993) (internal quotations and citations omitted).

Based upon the following uncontested evidence, however, the district court found that police had probable cause to arrest Scurry and seize the heroin from him: (1) police officers were searching a particular area in response to citizen complaints of drug sales; (2) Scurry ran when he saw an officer approaching; (3) as Scurry moved away from the first officer toward the second officer he placed a cellophane bag into his mouth; (4) when questioned by the second officer Scurry could only mumble, indicating he did have something in his mouth; and (5) because Scurry refused to spit out the substance in his mouth, one of the officers placed his hands around Scurry's neck until the package came out of his mouth. Viewing the district's courts factual findings and legal conclusions as required under Han, 74 F.3d at 540, we find no error in the district court's decision to deny Scurry's motion to suppress.

Third, Scurry alleges that the district court erred in allowing the jury to use transcripts during the playing of the Government's audiotapes of alleged drug purchases. A trial court's decision to allow the use of transcripts to aid in the presentation of tape-recorded evidence is within the district court's sound discretion and overturned only for an abuse of discretion. See United States v. Capers, 61 F.3d 1100, 1107 (4th Cir. 1995), cert. denied, 116 S. Ct. 1830 (1996). Like the defendant in Capers, Scurry's counsel had the opportunity to explore through cross-examination any inaccuracies in the transcripts, including inaccuracies with respect to the identification of speakers on the tapes. Id. Also, the court gave an appropriate limiting instruction, explaining that only the tapes constituted evidence and the transcripts were merely an aid--therefore any prejudice caused by inaccuracies of the transcripts was cured by the court's limiting instruction. See United States v. Collazo, 732 F.2d 1200, 1203 (4th Cir. 1984) (finding

3

that cautionary instructions cured prejudice that may have resulted from discrepancies between tape and transcript). Thus we do not find that the district court abused its discretion in allowing use of the transcripts.

Fourth, Scurry alleges the district court abused its discretion by denying him the opportunity to secrete several dummy packets of heroin on his person and then have a government agent attempt to find the packets. Scurry wished to conduct such a demonstration in an effort to show that persons participating with the Government in controlled buys from him, may have been able to hide heroin on themselves and then falsely claim they bought it from him. As a general rule, the district court has wide discretion to admit evidence of experiments conducted under substantially similar conditions. See Barnes v. General Motors Corp., 547 F.2d 275, 277 (5th Cir. 1977). The burden is on the party offering a courtroom demonstration or experiment to lay a proper foundation establishing a similarity of circumstances and conditions. See United States v. Gaskell, 985 F.2d 1056, 1060 (11th Cir. 1993). Although the conditions of the demonstration need not be identical to the event at issue, "they must be so nearly the same in substantial particulars as to afford a fair comparison in respect to the particular issue to which the test is directed." Id.

We do not find the district court abused its discretion in denying Scurry's motion to conduct this demonstration. The district court denied the motion for several reasons: (1) the test would at most show what the jury already knew, e.g. items can be missed in a search; (2) the test could not duplicate the actual searches of the Government's cooperating witnesses because of the different clothes they wore and how tightly their clothes fit; and (3) the test created the risk of Scurry being subjected to a strip search in front of the jury which the court would not allow.[1] Also, Scurry provided the court with no grounds to suspect that the cooperating witnesses had attempted to set him up.

_____

[1] Although not expressly stated by the trial court, it appears that the court determined the probative value of a strip search would be outweighed by the risk of unfair prejudice to the Government under Fed. R. Evid. 403.

4

Fifth, Scurry contends that the district court erred by attributing 100 grams of heroin to him for purposes of sentencing under the guidelines.**2** We do not find that the court clearly erred in determining the quantity of drug for which Scurry was responsible. See 18 U.S.C. § 3742(e) (sentencing court's factual finding on drug amounts overturned only for clear error); United States v. Fletcher, 74 F.3d 49, 55 (4th Cir.) (same), cert. denied, 117 S. Ct. 157 (1996). Based upon testimony from the trial, the Government proved by a preponderance of the evidence, see United States v. Goff, 907 F.2d 1441, 1444 (4th Cir. 1990), that Scurry distributed over 100 grams of heroin. Because the Government's witness testified in his capacity as a fellow drug dealer (using the same supplier) and later as Scurry's direct supplier, we find that the information on which the court relied had a "sufficient indicia of reliability to support its probable accuracy." United States v. Uwaeme, 975 F.2d 1016, 1021 (4th Cir. 1992) (quoting USSG § 6A1.3(a), p.s.).

Accordingly, because we find no merit in the issues raised by Scurry, we affirm his convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____
**2** United States Sentencing Commission, Guidelines Manual (Nov. 1995).

5